UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| UNITED STATES OF AMERICA | CRIMINAL NO. 02-10029 |
| --- | --- |
| | AND NO. 04-10017 |
| -vs- | JUDGE DRELL |
| CODY FRANKLIN ELLERMAN | MAGISTRATE JUDGE KIRK |

### RULING

Before the Court is a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence of Cody Franklin Ellerman ("Ellerman") (Doc. 47), along with the magistrate judge's report and recommendation concerning the same (Doc. 50) and Ellerman's objections thereto (Doc. 55). In view of the objections, we have reviewed the report and recommendation and the rest of the record de novo. While not discussed by the report and recommendation, we find instead that the motion is time-barred by § 2255's one-year statute of limitations and should be denied on that ground.

### BACKGROUND

On February 18, 2003, Ellerman pled guilty to one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). He was sentenced on August 5, 2004, with a sentencing enhancement under 18 U.S.C. § 924(e) for three prior state drug offenses. Judgment on his sentence was entered on August 9, 2004. Ellerman did not appeal the sentence.

On August 14, 2006, Ellerman filed the instant motion under 28 U.S.C. § 2255, alleging ineffective assistance of counsel; his appointed counsel's failure to file an appeal; sentencing in violation of the plea agreement; and unconstitutional sentencing. He also seeks re-sentencing in light of the United States Supreme Court's decision in U.S. v. Booker, 543 U.S. 220 (2005), although he does not specifically cite the case.[1]

## ANALYSIS

At the time Ellerman filed his § 2255 motion, on August 14, 2006, the sixth paragraph of 28 U.S.C. § 2255 read as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> > (1) the date on which the judgment of conviction becomes final;
> > (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> > (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> > (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255 (2006). Under a recent amendment, that paragraph is now designated § 2255(f), but the language is otherwise identical. Courts have recognized that the otherwise strict one-year statute of limitations allows for equitable tolling, but tolling is

---

[1] In an obvious nod to Booker, Ellerman states, "After Movant's sentence, the U.S. Supreme Court decided that making the guidelines mandatory violates a defendant's Sixth Amendment Right to a jury trial." (Doc 47, par. 12(C)).

2

allowed only in exceptional situations. See U.S. v. Riggs, 314 F.3d 796, 799 (5th Cir. 2002) ("Equitable tolling is permitted only 'in rare and exceptional circumstances.'") (quoting Davis v. Johnson, 158 F.3d 806, 811 (5th Cir.1998)). "Ineffective assistance of counsel is irrelevant to the tolling decision. Likewise, a petitioner's own ignorance or mistake does not warrant equitable tolling, and it would be rather peculiar to treat a trained attorney's error more leniently than we treat a pro se litigant's error." Riggs, 314 F.3d at 800 (citations omitted).

Ellerman does not allege any extraordinary circumstances that prevented him from filing the § 2255 motion earlier, and none is evident from the record. Thus, there is no basis for equitably tolling the statute of limitations. If Ellerman's motion is to be considered timely, it must have been filed within one year of one of the possible dates listed in § 2255.

First, Ellerman has not even alleged an "impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States," so that possibility is not available. Furthermore, all of the facts relied on by Ellerman (other than the Booker decision), such as the facts of his previous state convictions and his counsel's behavior throughout his representation, were known to him at all times, so he cannot rely on "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."

As for "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review," only Ellerman's Booker claim even

appears to meet that definition. However, the Fifth Circuit has held that <u>Booker</u> does not apply retroactively to cases on collateral review, either on initial § 2255 motions, <u>U.S. v. Gentry</u>, 432 F.3d 600 (5th Cir. 2005), or on successive § 2255 motions, <u>In re Elwood</u>, 408 F.3d 211 (5th Cir.2005).

Consequently, the only date relevant to the one-year statute of limitations is "the date on which the judgment of conviction becomes final." Ellerman's judgment of conviction was entered on August 9, 2004, and no appeal was taken from it, so the judgment became final ten days after entry of the judgment, in late August of 2004, and the statute of limitations ran one year later—nearly a full year before Ellerman filed his motion, on August 14, 2006. Thus, Ellerman's motion was filed beyond the statute of limitations.

Because Ellerman's motion was untimely, it should be dismissed on those grounds. Accordingly, we need not address the substance of the report and recommendation or Ellerman's objections thereto. The late filing is unfortunate, however, because our review of the record has not revealed a detailed explanation, either prior to or at sentencing, of the basis for applying the sentencing enhancement under 18 U.S.C. § 924(e).[2]

The sentencing enhancement does not apply to every state drug offense but only to a "serious drug offense," which Section 924(e)(2)(A)(ii) defines as "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the

---

[2] The report and recommendation does not examine the issue, but our own review readily revealed the potential defect in the application of the sentencing enhancement.

Controlled Substances Act (21 U.S.C. 802)), <u>for which a maximum term of imprisonment of ten years or more is prescribed by law</u>." <u>Id.</u> While it is undisputed that Ellerman had at least three prior state drug convictions, the potential sentences for those state convictions is not stated anywhere in the record. Ellerman was certainly sentenced to far less than ten years on each offense, but the proper inquiry by statute is the <u>potential</u> sentence. We can find no indication in the record that Ellerman's prior state drug offenses were subject to "a maximum term of imprisonment of ten years or more."

This is not to say that Ellerman's prior offenses could not trigger the enhancement, only that the record does not state the basis. Unfortunately, Ellerman filed his petition under 28 U.S.C. § 2255 too late, and we may not toll the running of the statute of limitations either under the statute or under any judicially recognized principle of equitable tolling.

## CONCLUSION

For the foregoing reasons, Ellerman's § 2255 motion (Doc. 47) is DENIED.

SIGNED on this 9th day of June, 2008 at Alexandria, Louisiana.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE