UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTIONS<br>NO. CR02-10029, NO. CR04-10017 |
| VERSUS | |
| CODY FRANKLIN ELLERMAN | JUDGE DEE D. DRELL<br>MAGISTRATE JUDGE JAMES D. KIRK |

<u>REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE</u>

Ellerman filed a notice of appeal in the above-captioned cases on August 18, 2008 (Doc. 42). The Fifth Circuit noted a question as to the timeliness of Ellerman's undated notice of appeal and remanded the case to the district court for a determination of whether Ellerman had placed the notice in the prison mail system (Doc. 47). The case was then remanded to the undersigned Magistrate Judge for report and recommendation (Doc. 48).

At the time Ellerman mailed his notice of appeal, he was (and still is) confined in the United States Penitentiary in Terre Haute, Indiana ("USP-Terre Haute"). A prisoner's pro se notice is deemed filed when he delivers it to prison authorities for forwarding to the district court. Fed.R.App.P. 4(c); <u>Houston v. Lack</u>, 487 U.S. 266, 270, 108 S.Ct. 2379 (1988); <u>Causey v. Cain</u>, 450 F.3d 601, 604 (5th Cir. 2006).

Dixie Hoopengarner is the plant manager for the United States Postal Service ("USPS") in Terre Haute, Indiana (Doc. 52). Hoopengarner states in an affidavit that, according to the

identification code stamped on the back of Ellerman's envelope, Ellerman's notice of appeal was processed through the Terre Haute post office and stamped with the ID stamp at 3:30 p.m. on August 13, 2008 (Doc. 52).

Steven R. Morin is the Supervisory Inmate Systems Specialist for USP-Terre Haute (Doc. 52). Morin states in an affidavit that he oversees aspects of the Inmates Systems Management Department, including oversight for the inmate mail procedures (Doc. 52). Morin states that mail room logs are not kept for outgoing mail at USP-Terre Haute, but mail marked as "special/legal mail" is date-stamped by the mail room staff to show when it was delivered to them for mailing (Doc. 52). Morin further states in his affidavit that each general population housing unit (where Ellerman is confined) has an outgoing general mailbox which inmates have access to about 16 hours of each day, and special/legal mail can be directly delivered to mail room staff during that time (Doc. 52). Morin states that outgoing general mail is collected each morning and delivered to the local postal facility prior to 8:00 a.m.[1] Morin states that Ellerman's notice of appeal was not marked as special/legal mail and was sent out as part of the general mail, and therefore did not have a date stamp placed on the back of the

---

[1] According to Bureau of Prisons Program Statement 5800.10 (Ch. 3, No. 313, p. 13) (Doc. 52), all outgoing letter mail is ordinarily processed within 24 hours (excluding weekends and holidays).

2

envelope ([Doc. 52](Doc. 52)).

In order to be timely pursuant to the mailbox rule, Ellerman must have delivered his notice of appeal to the prison officials for mailing (placed it in his dorm unit mailbox) on or before Monday, August 11, 2008. The government argues and the undersigned concludes that, since Ellerman's notice of appeal was processed by the USPS at 3:30 p.m. on August 13, 2008 (a Wednesday), Ellerman must have placed the notice in his housing unit's outgoing general mailbox after the mail was collected the morning of Tuesday, August 12, 2008, or prior to mail collection on Wednesday, August 13, 2008; according to prison procedures, the notice was apparently picked up and delivered to the post office by prison officials on the morning of August 13, 2008. Therefore, Ellerman's notice of appeal is untimely.

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that Ellerman's notice of appeal be DETERMINED TO BE UNTIMELY and the case be returned to the Fifth Circuit Court of Appeals for further proceedings.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) days** after being served with a

copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this <u>15th</u> day of December, 2008.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE