```
                    UNITED STATES DISTRICT COURT

                    WESTERN DISTRICT OF LOUISIANA

                         ALEXANDRIA DIVISION
```

UNITED STATES OF AMERICA            CIVIL ACTION
                                    NO. CRV04-10017-A and
                                    NO. CR02-10029
VERSUS

                                    JUDGE DEE D. DRELL
CODY FRANKLIN ELLERMAN              MAGISTRATE JUDGE JAMES D. KIRK


SUPPLEMENTAL REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Ellerman filed a notice of appeal of the denial of his motions to vacate in the above-captioned cases on August 18, 2008 (Doc. 42). The Fifth Circuit noted a question as to the timeliness of Ellerman's undated notice of appeal and remanded the case to the district court for a determination of whether Ellerman had placed the notice in the prison mail system (Doc. 47). The case was then remanded to the undersigned Magistrate Judge for report and recommendation (Doc. 48) and a supplemental report and recommendation (Doc.55).

The undersigned concluded in the previous Report and Recommendation (Doc. 53) that, since Ellerman's notice of appeal was processed by the USPS at 3:30 p.m. on August 13, 2008 (a Wednesday), Ellerman must have placed the notice in his housing unit's outgoing general mailbox after the mail was collected the morning of Tuesday, August 12, 2008, or prior to mail collection on

Wednesday, August 13, 2008.  According to prison procedures, the notice was apparently picked up and delivered to the post office by prison officials on the morning of August 13, 2008.  Therefore, Ellerman's notice of appeal was untimely.  However, Ellerman contended (for the first time) in his objection to the Report and Recommendation that he was on lockdown status at the time and did not have access to the prison mail depository (Doc. 54).

Therefore, the sole issue to be considered at this time is whether Ellerman was physically unable to use the prison mail depository because he was on lockdown status.

The government contends (Doc. 57), and shows in an affidavit by Steve Morin, a Supervisory Correctional Systems Specialist for the BOP assigned to the Federal Correctional Complex at Terre Haute, Indiana, that FCC-Terre Haute was on lock-down status on August 3, 2008, through about August 16, 2008 (Doc. 57, Ex.).  The government further shows through Steve Morin's affidavit that, during lock-downs of the institution, all outgoing inmate mail is given directly to the housing unit officer for delivery to the mail room, and that mail room staff collects all mail and delivers it to the local postal facility each morning.[1]  Therefore, the fact that the prison was on lockdown did not affect Ellerman's daily access to the prison mail system.

---

[1] There is no logbook for outgoing first-class mail, so the government cannot confirm the date on which Ellerman delivered his mail to the housing unit officer.

2

Ellerman must have given his notice of appeal to the prison officials for mailing on or before August 11, 2008, in order to be timely.[2] According to the reasoning and conclusions set forth in the initial Report and Recommendation (Doc. 53), Ellerman delivered his mail to the housing unit officer on either August 12, 2008, or August 13, 2008, since Ellerman's outgoing mail containing his notice of appeal was processed by the United States Postal Service at 3:30 p.m. on August 13, 2008. Since the fact that the prison was on lockdown did not affect the daily collection of mail from the prisoners, Ellerman's objection that the prison was on lockdown does not change the conclusion reached in the previous Report and Recommendation - Ellerman's notice of appeal was untimely.

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that Ellerman's notice of appeal be DETERMINED TO BE UNTIMELY and the CASE BE RETURNED TO THE FIFTH CIRCUIT COURT OF APPEALS FOR FURTHER PROCEEDINGS.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written

---

[2] A prisoner's pro se notice is deemed filed when he delivers it to prison authorities for forwarding to the district court. Fed.R.App.P. 4(c); Houston v. Lack, 487 U.S. 266, 270, 108 S.Ct. 2379 (1988); Causey v. Cain, 450 F.3d 601, 604 (5th Cir. 2006).

objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 2nd day of March, 2009.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE