*RECEIVED IN ALEXANDRIA, LA.*
*MAY 2 1 2010*
*TONY R. MOORE, CLERK*
*BY_____ DEPUTY*

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### ALEXANDRIA DIVISION

| UNITED STATES OF AMERICA | CRIMINAL DOCKET NO. 1:02-cr-10029 |
|---|---|
| | CRIMINAL DOCKET NO. 1:04-cr-10017 |
| -vs- | JUDGE DRELL |
| CODY FRANKLIN ELLERMAN | MAGISTRATE JUDGE KIRK |

## R U L I N G

Before the Court are four motions by Cody Franklin Ellerman, two requesting an adjustment to his criminal history, and two requesting a resentencing hearing and actual resentencing. The two motions in each of these cases were filed in both earlier docket numbers and are identical. For the reasons which follow, all four motions (Docs. #78 and #79 in case number 02-10029 and Docs. #62 and #63 in case number 04-10017) are TRANSFERRED to the United States Court of Appeals for the Fifth Circuit.

Although not titled as motions under 28 U.S.C. § 2255, these motions are actually attempts to recharacterize the same motion that Ellerman previously made pursuant to 28 U.S.C. § 2255, which was deemed untimely and which determination was affirmed by the Fifth Circuit Court of Appeals.

The approval provision of the Antiterrorism and Effective Death Penalty Act ("AEDPA") allocates subject matter jurisdiction to the courts of appeals by stripping the district courts of jurisdiction over a second or successive habeas petition or section 2255 motion unless and until the court of appeals has decreed that it may go forward.  This statutory directive means that a district court faced with an unapproved second or successive habeas petition or section 2255 motion must either dismiss the petition (without prejudice) or transfer it to the appropriate court of appeals.  Pratt v. U.S., 129 F.3d 54, 57 (1st Cir. 1997), citing Nunez v. U.S., 96 F.3d 990, 991 (7th Cir. 1996); Benton v. Washington, 106 F.3d 162, 164-65 (7th Cir. 1996); and Liriano v. U.S., 95 F.3d 119, 122 (2d Cir. 1996).  See also, In re Epps, 127 F.3d 364, 365 (5th Cir. 1997) (district court must also direct the clerk of court's office to notify the petitioner/movant that a motion for authorization must be filed with the court of appeals).

Since Ellerman filed this second section 2255 motion in this court without prior approval from the Fifth Circuit, his motions will be transferred to the Fifth Circuit Court of Appeals.  Still, additional defining comment is appropriate here because even if Ellerman's motions were procedurally viable, they would fall on their merits.

At the outset, Ellerman claims entitlement to an adjustment to his criminal history based on Amendment 709 of the United States Sentencing Guidelines. Ellerman argues for a means to modify his sentence through 18 U.S.C. § 3582 (c)(2), which provides that  a court may modify a term of imprisonment in

the instance of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o). In these circumstances, upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Specifically, Ellerman contends he should not have been determined to be an Armed Career Offender at the time of his original sentence in Docket No. 02-10029, because he only had two prior drug offenses instead of three. At the time of sentencing, the guidelines allowed separate criminal acts to be considered as predicate offenses for purposes of application of the Armed Career Offender guideline, so long as the offenses were committed on separate occasions. According to his criminal history in the pre-sentence report of July 9, 2004, Ellerman was convicted of two counts of Sale of Marijuana on August 11, 1999, and each count was committed on a separate occasion. Additionally, Ellerman was convicted of two counts of Sale of Marijuana on April 12, 2000, and both were committed on separate dates. Consequently, the court made a determination that he was an Armed Career Offender, which increased his statutory exposure from not more than 10 years to a minimum of 15 years to life imprisonment.

Ellerman requests the same relief in Docket No. 04-10017, but the issue he urges is entirely irrelevant in that proceeding. That docket number was for an escape Ellerman committed while in custody. The sentence in that case was only for eighteen months, did not involve or apply Armed Career Offender provisions, and, in any event, was run concurrently with his other sentences, state and federal.

The provisions of U.S.S.G. § 1B1.10 provide the Court with a policy statement regarding the reduction in a term of imprisonment as a result of an amended guideline range. Specifically, U.S.S.G. § 1B1.10(a)(2)(A) indicates there are exclusions to the provision if a reduction in the defendant's term of imprisonment is not consistent with this policy statement, and therefore, is not authorized under 18 U.S.C. § 3582(c)(2), if none of the amendments listed in subsection (c) is applicable to the defendant. This provision lists the amendments to the guidelines that are eligible for retroactivity. Amendment 709, enacted in 2007, several years after Ellerman was sentenced, is not included in the covered amendments deemed retroactive pursuant to the most recent version of the guidelines manual [U.S.S.G. § 1B1.10 (c)].

Accordingly, compare U.S. v. Grimaldo, 2008 WL 1776398 (S.D. Tx. 2008), and U.S. v. Strope, 31 F. Supp. 2d 417 (M.D. Pa. 1997).

SIGNED on this 21st day of May, 2010, at Alexandria, Louisiana.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE